UNITED STATES of America, Plaintiff,

v.

BROADCAST MUSIC, INC., Defendant.

64 Civ. 3787 (LLS)

United States District Court, S.D. New York.

Signed September 16, 2016

---

Kelsey W. Shannon, United States Department of Justice, Washington, DC, James J. Tierney, United States Department of Justice, for Plaintiff.

Frank Thomas Spano, Hogan & Hartson LLP, Marvin Lawrence Berenson, Stuart Rosen, Broadcast Music, Inc., Michael Elliot Salzman, Hughes Hubbard & Reed LLP, Scott Alexander Edelman, Atara Miller, Milbank, Tweed, Hadley & McCloy LLP, New York, NY, for Defendant.

## OPINION & DECLARATORY JUDGMENT

LOUIS L. STANTON, United States District Judge.

This application for a construction of the Final Judgment ("Consent Decree")[1] in this case is stimulated by the August 4, 2016 publication of the Antitrust Division of the U.S. Department of Justice's "Statement of the Department of Justice on the Closing of the Antitrust Division's Review of the ASCAP and BMI Consent Decrees" ("Statement"), which asserts that:

> ... the consent decrees, which describe PROs'[2] licenses as providing the ability to perform "works" or "compositions," require ASCAP and BMI to offer full-work licenses.[3] The Division reaches this determination based not only on the language of the consent decrees and its assessment of historical practices, but also because only full-work licensing can yield the substantial procompetitive benefits associated with blanket licenses that distinguish ASCAP's and BMI's activities from other agreements among competitors that present serious issues under the antitrust laws. [Statement p. 3]

\* \* \*

> If PROs offer fractional licenses, a music user, before performing any multi-owner work in a PRO's repertory, would need a license to the fractional interests held by each of the work's co-owners. A full-work license from a PRO, on the other hand, would provide infringement protection to a music user seeking to perform any work in the repertory of the PRO. [id. p. 10]

\* \* \*

> If the licenses were fractional, they would not provide *immediate* use of covered compositions; users would need to obtain additional licenses before using many of the covered compositions. And such fractional licenses would *not* avoid

---

1. 1966 U S. Dist. LEXIS 10449, 1966 Trade Cas. (CCH) ¶ 71,941 (S.D.N.Y. 1966), modified by 1994 WL 901652, 1994 U.S. Dist. LEXIS 21476, 1996–1 Trade Cas. (CCH) ¶ 71,378 (S.D.N.Y. 1994).

2. PROs are "performing rights organizations" who "provide licenses to users ... to publicly perform the musical works of the PROs' thousands of songwriter and music publisher members." [Statement p. 2]

3. The Statement defines these:

 Under a "full-work" license, each PRO would offer non-exclusive licenses to the work entitling the user to perform the work without risk of infringement liability. Under a "fractional" license, each PRO would offer a license only to the interests it holds in a work, and require that the licensee obtain additional licenses from the PROs representing other co-owners before performing the work. [Statement p. 8]

the delay of additional negotiations, because users would need to clear rights from additional owners of fractional interests in songs before performing the works in the ASCAP and BMI repertories. Similarly, the Second Circuit has held that ASCAP is "required to license its entire repertory to all eligible users," and that the repertory includes "all works contained in the ASCAP repertory." Pandora Media, Inc. v. ASCAP, 785 F.3d 73, 77–78 (2d Cir. 2015) (emphasis removed). The Second Circuit rejected arguments that this decree requirement conflicted with copyright law, noting that "[i]ndividual copyright holders remain free to choose whether to license their works through ASCAP." Id. at 78. The logic of the Second Circuit's decision applies to BMI as well.

Accordingly, the consent decrees must be read as requiring full-work licensing. ASCAP and BMI can include in their repertories only those songs they can license on such a basis. [id. p.12]

\* \* \*

Moreover, nothing in this interpretation contradicts copyright law. To the extent allowed by copyright law, co–owners of a song remain free to impose limitations on one another's ability to license the song. Such an action may, however, make it impossible for ASCAP or BMI—consistent with the full-work licensing requirement of the antitrust consent decrees—to include that song in their blanket licenses. [id. p. 13]

BMI promptly sought a declaratory judgment that the Consent Decree does not require 100% ("full-work") licensing.

## DISCUSSION

Nothing in the Consent Decree gives support to the Division's views. If a fractionally-licensed composition is disqualified from inclusion in BMI's repertory, it is not for violation of any provision of the Consent Decree. While the Consent Decree requires BMI to license performances of those compositions "the right of public performances of which [BMI] has or hereafter shall have the right to license or sublicense" (Art. II(C)), it contains no provision regarding the source, extent, or nature of that right. It does not address the possibilities that BMI might license performances of a composition without sufficient legal right to do so, or under a worthless or invalid copyright, or users might perform a music composition licensed by fewer than all of its creators.

The parties to it stipulated that the Consent Decree did not extend to problems such as those involved in determining the value or validity of copyrights of compositions in BMI's repertory. The Consent Decree states in Article XIV (D):

(D) Nothing in this Article XIV shall prevent any applicant from attacking in the aforesaid [rate court] proceedings or in any other controversy the validity of the copyright of any of the compositions in defendant's repertory nor shall this Judgment be construed as importing any validity or value to any of said copyrights.

The Consent Decree does not regulate the elements of the right to perform compositions. Performance of a composition under an ineffective license may infringe an author's rights under copyright, contract or other law, but it does not infringe the Consent Decree, which does not extend to matters such as the invalidity or value of copyrights of any of the compositions in BMI's repertory. Questions of the validity, scope and limits of the right to perform compositions are left to the congruent and competing interests in the music copyright market, and to copyright, property and other laws, to continue to resolve and enforce. Infringements (and fractional infringements) and remedies are not part of the Consent Decree's subject-matter.

The structural difference between the issue of the fractional licenses and <u>BMI v. Pandora Media, Inc.</u>, No.13 Civ. 4037 (LLS), 2013 WL 6697788 (S.D.N.Y. Dec. 19, 2013) illustrates the point. In the <u>Pandora</u> case, the Consent Decree itself explicitly regulated the conduct: "The BMI Consent Decree requires that all compositions in the BMI repertory be offered to all applicants" <u>id.</u> at *3; "Under Section XIV of the BMI Consent Decree, when an applicant requests a license for 'any, some or all of the compositions in defendant's repertory,' BMI must grant a license for performance of the requested compositions ... to all applicants, with fees that do not discriminate between applicants similarly situated." [<u>Id.</u>] The language of the Consent Decree was mandatory and unambiguous. Compositions, whose copyright-holders persuaded BMI to exclude them from BMI's offer to Pandora and New Media (digital) services, did not meet the standards of the BMI Consent Decree and were accordingly disqualified under its own terms from participation in BMI's repertory.

The Consent Decree contains no analogous provision concerning the values of fractional versus full-work licensing. That area of dispute is left to the applicable law.

### DECLARATORY JUDGMENT

The phrase in Art. II (C) of the Consent Decree defining BMI's repertory as "those compositions, the right of public performance of which [BMI] has ... the right to license or sublicense" is descriptive, not prescriptive. The "right of public performance" is left undefined as to scope or form, to be determined by processes outside the Consent Decree. The Consent Decree neither bars fractional licensing nor requires full-work licensing.

Attachment

**United States District Court**
**Southern District of New York**

Ruby J. Krajick
*Clerk of Court*

Dear Litigant:

Enclosed is a copy of the judgment entered in your case. If you disagree with a judgment or final order of the district court, you may appeal to the United States Court of Appeals for the Second Circuit. To start this process, file a "Notice of Appeal" with this Court's Pro Se Intake Unit.

You must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket, or, if the United States or its officer or agency is a party, within 60 days after entry of the judgment or order. If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment, or within 90 days if the United States or its officer or agency is a party, and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

Please note that the notice of appeal is a *one-page* document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit) – *it does not* include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. At that point, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is $505 payable in cash, by bank check, certified check, or money order, to "Clerk of Court, S.D.N.Y." *No personal checks are accepted.* If you are unable to pay the $505 filing fee, complete the "Motion to Proceed *in Forma Pauperis* on Appeal" form and submit it with your notice of appeal to the Pro Se Intake Unit. If the district court denies your motion to proceed *in forma pauperis* on appeal, or has certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, you may file a motion in the Court of Appeals for leave to appeal *in forma pauperis*, but you must do so within 30 days after service of the district court order that stated that you could not proceed *in forma pauperis* on appeal.

For additional issues regarding the time for filing a notice of appeal, see Federal Rule of Appellate Procedure 4(a). There are many other steps to beginning and proceeding with your appeal, but they are governed by the rules of the Second Circuit Court of Appeals and the Federal Rules of Appellate Procedure. For more information, visit the Second Circuit Court of Appeals website at **http://www.ca2.uscourts.gov/**.

THE DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

THE CHARLES L. BRIEANT, JR.
UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601-4150

Rev. 5/23/14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ ( )( )

## NOTICE OF APPEAL

Notice is hereby given that the following parties: _____

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☐ order entered on: _____

(date that judgment or order was entered on docket)

that: _____

_____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

| Dated | Signature* |
|---|---|

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address (if available) |
|---|---|

_____

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

380

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ ( )( )

**MOTION FOR EXTENSION
OF TIME TO FILE NOTICE
OF APPEAL**

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time

to file a notice of appeal in this action. I would like to appeal the judgment

entered in this action on _____ but did not file a notice of appearance within the required
 date

time period because:

_____

_____

_____
(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)

Dated: _____ Signature _____

Name (Last, First, MI) _____

Address _____ City _____ State _____ Zip Code _____

Telephone Number _____ E-mail Address (if available) _____

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ ( )( )

**MOTION FOR LEAVE TO
PROCEED IN FORMA
PAUPERIS ON APPEAL**

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

_____
Dated

_____
Name (Last, First, MI)

_____
Address City

_____
Telephone Number

_____
Signature

_____
State Zip Code

_____
E-mail Address (if available)

Rev. 12/23/13

382

### Application to Appeal In Forma Pauperis

_____v. _____ Appeal No. _____

District Court or Agency No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)<br><br>Signed: _____ | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br><br>Date: _____ |

My issues on appeal are: (<u>required</u>):

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | $0 | $0 | $0 | $0 |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. *How much cash do you and your spouse have?* $

 *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included? ☐ Yes ☐ No<br>Is property insurance included? ☐ Yes ☐ No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ | $ |
| Life: | $ | $ |
| Health: | $ | $ |
| Motor vehicle: | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
| Motor Vehicle: | $ | $ |
| Credit card (name): | $ | $ |
| Department store (name): | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ 0 | $ 0 |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

 ☐ Yes ☐ No If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☐ No

 *If yes, how much?* $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *Identify the city and state of your legal residence.*

City _____ State _____

Your daytime phone number: _____

Your age: _____ Your years of schooling: _____

Last four digits of your social-security number: _____

388

**United States District Court**
**Southern District of New York**

## HOW TO APPEAL YOUR CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

If you disagree with a judgment or final order of the district court, you may appeal to the United States Court of Appeals for the Second Circuit. To start this process, file a "Notice of Appeal" with this Court's Pro Se Intake Unit.

You must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket, or, if the United States or its officer or agency is a party, within 60 days after entry of the judgment or order. If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment, or within 90 days if the United States or its officer or agency is a party, and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

Please note that the notice of appeal is a *one-page* document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit) – *it does not* include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. At that point, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is $505 payable in cash, by bank check, certified check, or money order, to "Clerk of Court, S.D.N.Y." *No personal checks are accepted*. If you are unable to pay the $505 filing fee, complete the "Motion to Proceed *in Forma Pauperis* on Appeal" form and submit it with your notice of appeal to the Pro Se Intake Unit. If the district court denies your motion to proceed *in forma pauperis* on appeal, or has certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, you may file a motion in the Court of Appeals for leave to appeal *in forma pauperis*, but you must do so within 30 days after service of the district court order that stated that you could not proceed *in forma pauperis* on appeal.

For additional issues regarding the time for filing a notice of appeal, see Federal Rule of Appellate Procedure 4(a). There are many other steps to beginning and proceeding with your appeal, but they are governed by the rules of the Second Circuit Court of Appeals and the Federal Rules of Appellate Procedure. For more information, visit the Second Circuit Court of Appeals website at **http://www.ca2.uscourts.gov/**.

THE DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

THE CHARLES L. BRIEANT, JR.
UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601-4150

Rev. 5/23/14